(38 Misc. Rep. 758.)

### MENDEL v. PICKRELL.

(Supreme Court, Appellate Term.   May, 1902.)

1. ACTION ON NOTES—CONDITION PRECEDENT.
   Where plaintiff, pursuant to agreement, was to tender to defendant, at the time certain notes became due, a certain amount of capital stock, he could not, without making the tender, maintain an action on the notes.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Charles L. Mendel against Percy A. Pickrell.   Judgment for plaintiff, and defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and TRUAX and GILDERSLEEVE, JJ.

Bushby & Bushby, for appellant.
W. M. Coleman, for respondent.

PER CURIAM.   By the terms of the agreement of January 12, 1900, between the plaintiff and the defendant, it was the duty of the plaintiff to tender to the defendant at the time any of the notes mentioned in the said agreement came due so much of "$25,000 of the capital stock of the Realty & Personalty Reporting Company as will, at the rate of $3 per share, equal amount or amounts of aforementioned notes as paid by said party of second part hereto," the defendant herein.   The evidence does not show that such a tender was made.   No tender having been made, the plaintiff did not have a cause of action on the notes mentioned in the complaint or either of them at the time he began this action.   The plaintiff's failure to make the tender before mentioned was a breach of the contract between plaintiff and defendant, and absolved the defendant from all obligations to perform the contract while plaintiff's default continued.   Wharton & Co. v. Winch, 140 N. Y. 293, 35 N. E. 589.   See, also, Raabe v. Squier, 148 N. Y. 81, 42 N. E. 516.   The judgment appealed from is reversed, and a new trial is ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event.