Pasquale De Vivo, Respondent, v. Giuseppe Gallerani, Appellant.

(Supreme Court, Appellate Term, First Department, January, 1919.)

Contracts — breach of entire — acceptance of deliveries in installments — rescission — Personal Property Law, §§ 126(2), 146 not applicable.

Where a contract for the sale of three hundred barrels of wine is entire, its character in that regard is not changed because the seller made and the buyer accepted deliveries of part of the wine in small installments.

Where it was conceded that the buyer neglected to pay for the wine upon delivery, and when the last day for the delivery of the residue arrived, was in arrears in a considerable sum, the case is not within section 126(2) of the Personal Property Law, which deals with a contract to sell goods to be delivered by " stated installments " but the controversy must be determined by the rule of the common law that a party to a contract who seeks to recover damages from the other party for the latter's breach, must show that he himself was free from fault in respect of a condition precedent. The requirement of section 146 of the Personal Property Law that a vendor, in order to rescind, shall give notice of his intention so to do, was not intended to abolish said common law rule.

The contract calling for payment on delivery, non-payment though waived as a concurrent condition to the extent of permitting the buyer to retain the wine delivered, was such a default, so long as it continued, as permitted the seller to refuse to make further deliveries.

A payment made after the contract time of delivery had expired was of no effect upon the situation as it existed upon the last day for delivery, at which time the rights and liabilities of the parties became fixed.

APPEAL by the defendant from a judgment of the City Court of the city of New York, in favor of plaintiff, entered on the verdict of a jury.

Finkler & McEntire (Reuben Greenbaum, of counsel), for appellant.

Guido J. Giudici, for respondent.

*Per Curiam.* We are of the opinion that the complaint should have been dismissed. There can be no doubt that the contract, which was for the sale of 300 barrels of wine, was entire. The fact that the defendant made, and the plaintiff accepted, deliveries of part of the wine in small installments, cannot change the character of the contract in that regard. *Pakas* v. *Hollingshead,* 184 N. Y. 211. Nor did such course of

Appellate Term, First Department, January, 1919. [Vol. 105.

conduct bring the case within the provisions of sub-division 2 of section 126 of the Personal Property Law, dealing with a " contract to sell goods to be delivered by *stated installments.*" The common law is thus applicable, and we think the controversy is accordingly determinable as matter of law. The plaintiff con-cededly neglected to pay for the wine delivered, upon its delivery, and when the last day for the delivery of. the residue, November thirtieth, had arrived, he was in arrears in a considerable sum. As the contract called for payment upon delivery, the nonpayment while waived as a concurrent condition to the extent of permitting the plaintiff to retain the wine so deliv-ered, was such a default, so long as it endured, as per-mitted the defendant to refuse to deliver any more wine. *Raabe* v. *Squier,* 148 N. Y. 81; *Wharton & Co.* v. *Winch,* 140 id. 287; *Nichols* v. *Scranton Steel Co.,* 137 id. 471; *Wolfert* v. *Caledonia Springs Ice Co.,* 195 id. 118; *Mendel* v. *Pickrell,* 38 Misc. Rep. 758; *Dictum, contra,* in *Gardner* v. *Clark,* 21 N. Y. 399. The pay-ment on December tenth, after the contract time for delivery had expired, could not, of course, have had any effect upon the situation as it existed at the close of November thirtieth, when the rights and liabilities of the parties became fixed.

Section 146 of the Personal Property Law does not touch the case. The requirement there that a vendor, in order to rescind, shall give notice of his intention so to do, was not intended to abolish the basic rule. of the common law that a party to a contract who seeks to recover damages from the other party for the lat-ter's breach, must show that he himself is free from fault in respect of a condition precedent. There is nothing in the opinion of Judge Cardozo in *Rubber Trading Co.* v. *Manhattan Rubber Mfg. Co.,* 221 N. Y. 120, or in that of Mr. Justice Bijur in *Hadfield* v. *Col-*

*ter,* 103 Misc. Rep. 474, that indicates a contrary view.

The view we take of the case makes it unnecessary to discuss any of the several other questions raised.

Judgment reversed, with costs, and complaint dismissed, with costs.

Present: GUY, WEEKS and MULLAN, JJ.

Judgment reversed, with costs.