GEORGE L. ESTES, Appellant, *v.* CURTISS AEROPLANE AND MOTOR CORPORATION, Respondent.

Fourth Department, May 5, 1920.

Contracts — action to recover for anticipatory breach of contract — contract for manufacture and sale of lumber — substitution by defendant of different inspection as breach — necessity that plaintiff manufacture and tender lumber after breach.

The plaintiff, who had been furnishing lumber to the defendant for aeroplane construction, refused to furnish any more subject to government inspection, but after the defendant had assured the plaintiff that government inspec-

---

tion would not be required and that the inspection would be liberal and would be made by a certain man, the parties entered into an oral contract whereby the plaintiff agreed to furnish lumber, at least twenty-five per cent of which would be suitable for aeroplanes, and after the manufacturing of the lumber had commenced a confirmation in writing was sent by the defendant to the plaintiff stating the quantity, price and kind of lumber, and adding the words " subject to our inspection," but did not specifically name the inspector who had been agreed on, and later the defendant notified the plaintiff that the lumber would be subject to government inspection, and the plaintiff then refused to proceed with the performance of the contract. *Held,* that the parties having agreed upon a method of inspection and the person to do the inspecting, the agreement was binding and the plaintiff was not required to proceed with the performance of the contract in the face of the claim which the defendant made that the lumber was to be subject to government inspection.

It is no defense to the action by the plaintiff to recover damages for a breach of the contract that if the lumber came up to the requirement that twenty-five per cent would be suitable for aeroplane stock, it was immaterial who inspected it.

When the defendant repudiated a material provision of the contract there was an anticipatory breach, and the plaintiff could rescind the contract and recover his damages for a breach thereof.

After the defendant breached the contract it was not necessary for the plaintiff to manufacture and tender the lumber in order to maintain the action.

Even though the written confirmation controlled, the provision therein which made the lumber subject to defendant's inspection did not permit the defendant to thereafter substitute a government inspection.

Appeal by the plaintiff, George L. Estes, from a judgment in favor of the defendant, entered in the office of the clerk of the county of Allegany on the 14th day of January, 1920, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case and directing a verdict for the defendant.

*Merchant, Waite & Waite* [*Lawrence O. Waite* of counsel] for the appellant.

*Kent, Cummings & Means* [*Ralph C. Taylor* of counsel] for the respondent.

Kruse, P. J.:

The plaintiff manufactures lumber. The defendant was constructing aeroplanes for the government and needed lumber. The plaintiff had manufactured and furnished lumber to the defendant for this purpose before entering into the contract in suit. The inspection had been made by a

government inspector, which the plaintiff regarded as rigid, unreasonable and unjust, resulting in serious financial loss to him, as he claimed. The defendant desired more lumber, but the plaintiff complained of the inspection and refused to furnish any more subject to government inspection. The defendant's representative assured the plaintiff that no such inspection would be required, and stated, in substance, that the inspection would be liberal and that a certain inspector, naming him, in defendant's employ, would make the inspection. Plaintiff said he was satisfied and would accept this man's inspection. Thereupon they entered into a contract by which, at a certain price, plaintiff agreed to manufacture and deliver a certain quantity of ash lumber, of special cut and sizes, at least twenty-five per cent of which should be suitable for aeroplanes.

The plaintiff at once started the work of manufacturing the lumber. After plaintiff had entered upon the work a confirmation in writing was sent by the defendant to the plaintiff, stating the quantity, price and kind of lumber to be manufactured, and adding the words " subject to our inspection," but did not specifically name the person who had been agreed upon as inspector.

About two weeks thereafter, while the plaintiff was engaged in the work of manufacturing the lumber, but before any had been inspected or delivered, the defendant wrote to the plaintiff to note that the white ash would be subject to inspection by a government representative at the point of shipment. Within a few days thereafter the plaintiff talked over the telephone with defendant's representative, calling his attention to this letter and to the fact that the inspection was different from what had been agreed upon, and thereafter refused to proceed with the performance of the contract and brought this action to recover damages for a breach of the contract, claiming that the defendant had repudiated the same by insisting upon government inspection.

At the close of the plaintiff's case the defendant moved for a nonsuit, which was granted. The nonsuit seems to have been granted upon the ground that the plaintiff had failed to establish any damages by the breach, it not appearing that

the lumber would not have passed government inspection, or that such inspection would result in less than twenty-five per cent being accepted for aeroplane stock, the trial judge stating in that connection that he was unable to see any possible injury to the plaintiff if at least twenty-five per cent of the output was suitable for aeroplane stock.

I am of the opinion that the plaintiff made out a case. If the parties agreed upon a method of inspection, and the person to do the inspecting, that agreement was binding upon both parties, and the plaintiff was not required to proceed with the performance of the contract in the face of the claim which the defendant made that the lumber was to be subject to government inspection. That was the very thing against which the plaintiff contracted, and I think it is no answer to say that if the lumber in fact came up to the requirements it was immaterial who inspected it.

In *Dustan* v. *McAndrew* (44 N. Y. 72), which involved the sale of hops to be inspected by one Brown, or some other inspector satisfactory to both parties, it was held that neither party had the right to demand another inspector unless Brown neglected or refused to inspect. The question was fully discussed there and no further discussion is needed here. (See, also, 35 Cyc. 227; *Camden Iron Works* v. *City of New York*, 104 App. Div. 272.)

It was not necessary that the plaintiff should manufacture and tender the lumber to the defendant in order to maintain the action. When the defendant repudiated a material provision of the contract there was an anticipatory breach and the plaintiff could rescind the contract and recover his damages for a breach thereof. (Pers. Prop. Law, § 146, as added by Laws of 1911, chap. 571; *Hadfield* v. *Colter*, 188 App. Div. 563; *Rubber Trading Co.* v. *Manhattan Rubber Mfg. Co.*, 221 N. Y. 120; *Wester* v. *Casein Co. of America*, 206 id. 506, 515.)

As regards the point made by the respondent, that the oral contract was merged in the writing, it is enough to say that even if the memorandum is to control, the provision which makes the lumber subject to the defendant's inspection does not permit the defendant to substitute a government inspection. But in that connection the plaintiff contends that the terms of the contract had been agreed upon; that

he had entered upon the performance thereof, and that the memorandum which was afterward mailed to him was a mere declaration by the defendant of the terms of the contract, and that the contract itself was the oral agreement theretofore made. And it is further suggested that even if the memorandum is to be given full effect, it being silent upon the question as to the particular employee or representative of the defendant who was to make the inspection, that fact could be shown by oral evidence and was a mere amplification of the writing itself.

I think the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment reversed and new trial granted, with costs to appellant to abide event.