ICHIRO SHIRAI, Respondent, *v.* JULIUS BLUM, Appellant.

First Department, January 11, 1924.

Sales — action by buyer for failure to deliver — buyer was required by contract to establish letter of credit and agreed to extend letter if goods could not be shipped before expiration — letter expired, was not extended, and was returned by seller on request of bank — failure of buyer to extend letter excused performance by seller.

A buyer of goods under a written contract of sale cannot recover from the seller for failure to deliver the goods, where it appears that one of the terms of the contract of sale is that the buyer will establish an irrevocable letter of credit in the seller's behalf; that the letter of credit is established and later it is agreed that if the seller is not able to ship the goods before the letter of credit expires, the buyer will provide for the extension thereof; that the seller does not ship the goods before the expiration of the letter of credit and at the request of the bank returns the letter of credit to it; and that the buyer fails to have the letter of credit extended.

Under the terms of the contract it was the duty of the buyer to provide for an extension of the letter of credit in case the goods were not shipped before the expiration thereof, and his failure to have the letter extended excused the seller from the performance of the contract, and he was not bound to reinstate the contract thereafter.

APPEAL by the defendant, Julius Blum, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 16th day of March, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the 12th day of March, 1923, denying the defendant's motion for a new trial made upon the minutes.

*Leventritt, Riegelman, Carns & Goetz* [*W. M. Schwarz* of counsel; *W. L. Carns* with him on the brief], for the appellant.

*Abraham P. Wilkes,* for the respondent.

McAvoy, J.:

The complaint in this action sought damages for breach of contract because of appellant's failure to deliver the merchandise, the subject-matter of the parties' agreement. The learned trial court left but the issue of damages to the jury.

The evidence is that in October, 1919, plaintiff, an agent for Nakazawa & Company, Ltd., made a written offer to the defendant to purchase one hundred gross tons of black steel sheets at the price of five dollars and twenty-two cents per 100 pounds. One of the terms of the offer was the establishment by the plaintiff of a bankers' irrevocable letter of credit in defendant's behalf. On November 13, 1919, the Bank of Taiwan, on the application of Nakazawa & Company, Ltd., acting through the plaintiff, issued its irrevocable letter of credit expiring December 31, 1919, for account of Nakazawa & Company, Ltd., in favor of the defendant.

By its terms this letter of credit provided for payment to defendant of $11,575.88 upon presentation to the bank before December 31, 1919, of shipping documents, covering the specified merchandise and required shipment to be made " strictly in accordance with the terms of your [defendant's] contract or order with Nakazawa & Company, and a statement to that effect, duly signed, noted on the invoice."

Upon receipt of this letter of credit defendant accepted, on November 14, 1919, plaintiff's offer, and entered the order for shipment in about eight weeks from date, calling to plaintiff's attention that it was to be understood and agreed that the plaintiff would provide for an extension of the letter of credit if delivery of the merchandise was not made within the life thereof. On the same day (November fourteenth) plaintiff in writing confirmed the understanding that shipment would be made in approximately

eight weeks. The period of eight weeks from November 14, 1919, would bring the date of intended shipment to January 9, 1920.

The letter of credit having expired on December 31, 1919, the Bank of Taiwan on January 8, 1920, requested the return thereof for cancellation. On January 9, 1920, the defendant returned the letter of credit to the bank and it was produced upon the trial of this cause by a representative of the Bank of Taiwan. The defendant claims that this indicated that the plaintiff no longer desired to proceed with the contract, the material not yet having been shipped, and, therefore, the defendant made no further effort to proceed with the order. From November 14, 1919, to January 26, 1920, the plaintiff, according to his witnesses, did nothing whatsoever in regard to the contract, and made no inquiry in regard to the shipment or delivery of the merchandise either of the defendant or the Bank of Taiwan, at whose office the shipping documents were to be tendered.

On January 26, 1920, the plaintiff for the first time wrote the defendant stating that the time of delivery had already expired and inquiring as to whether the mill had made shipment of the merchandise. A day or two later there was a telephone conversation between representatives of the parties, as a result of which plaintiff wrote defendant on January 29, 1920, that plaintiff would have been ready to extend the letter of credit, if notified to do so by the defendant.

On the same day, January 29, 1920, the Bank of Taiwan wrote the defendant offering to extend the letter of credit for the account of Nakazawa & Company, Ltd., to February 29, 1920.

Upon receipt of plaintiff's letter of January 29, 1920, the defendant replied under date of February 4, 1920, stating that he had been unable to deliver the goods due to conditions beyond his control; and that it had been the understanding of the parties that pending delivery, the letter of credit would be kept good; that, furthermore, the letter of credit not having been extended and the bank having recalled the original thereof, this was equivalent to a cancellation of the contract on plaintiff's part, and that the defendant would not reinstate the contract at that late date. In reply thereto, plaintiff's attorney, wrote, contending that the action of the bank was without the plaintiff's knowledge, and that the defendant should have notified the plaintiff of the cancellation of the credit. The defendant, under date of February 18, 1920, reiterates his position, claiming that no duty rested upon him to give such notice to the plaintiff.

With the exception of the telephone conversation of January 28, 1920, all dealings between the parties were in writing.

It appears beyond dispute that the plaintiff, by failing to extend the letter of credit on December 31, 1919, failed in performance of a term of the contract which was so material as to justify refusal of shipments, and that an offer to reinstate the credit a month later was no reviver of the right to demand shipments thereafter.

The theory which the learned trial court adopted, holding: " The mere expiration of that letter of credit on the 31st of December was ineffective to warrant a breach of the contract by the defendant without reasonable notice to the plaintiff to extend it," cannot be sustained, and we find constitutes reversible error. The plaintiff argued that the defendant must give notice of rescission under section 146 of the Personal Property Law (as added by Laws of 1911, chap. 571). The defendant contends that the action of the plaintiff in allowing the letter of credit to lapse was such a fault as to furnish ample justification to the defendant for not proceeding further. That the failure of a plaintiff to perform excuses the defendant from performance of his obligations is well established. (*Strasbourger* v. *Leerburger*, 233 N. Y. 55; *Lord Construction Co.* v. *Edison Portland Cement Co.*, 234 id. 411; *Heller & Brother* v. *Continental Mills*, 196 App. Div. 7; affd., 233 N. Y. 641; *Partola Manufacturing Co.* v. *General Chemical Co.*, 234 id. 320; Williston Sales [1909 ed.], 980; *Anvil Mining Co.* v. *Humble*, 153 U. S. 540; *Henderson Tire & Rubber Co.* v. *Wilson & Son*, 235 N. Y. 489; *De Vivo* v. *Gallerani*, 105 Misc. Rep. 606.)

In *Heller & Brother* v. *Continental Mills* (*supra*) this court said: " The defendant did not plead rescission but merely justification * * * for not proceeding further, or in other words for not performing in so far as it had not performed. * * * The plaintiff made no attempt to explain its delay in making the payment until after the defendant ceased to make deliveries and claimed that the contract had been terminated; and the explanation then made was wholly insufficient, as matter of law at least, to justify or excuse its failure to pay as required by the contract."

Williston on Sales states the rule as follows: " By a long line of decisions usually referred to under the heading of implied conditions, it became established that generally where one party to a contract was in default, or was evidently going to be in default in the performance of his obligation, he could not recover from the other party if the latter failed to perform his obligations. This right of the defendant to refuse to go on has frequently been called ' rescission.' The danger of so calling the right is that it leads to the inference that the contract has ceased to exist, and that neither party can sue upon it. It is important, therefore, to

distinguish the rescission of the contract from the excuse of one party or the other from the performance of his obligations."

In *Anvil Mining Co.* v. *Humble (supra)* the court says: " Whenever one party thereto is guilty of such a breach as is here attributed to the defendant, the other party is at liberty to treat the contract as broken and desist from any further effort on his part to perform; in other words, he may abandon it  *  *  *. Such an abandonment is not technically a rescission of the contract, but is merely an acceptance of the situation which the wrong-doing of the other party has brought about."

The plaintiff's failure to extend the letter of credit on December 31, 1919, was a failure of performance by him of an essential term of the contract, which constitutes an abandonment of the contract and justified the defendant in not proceeding further with the carrying out thereof.

The judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.