## ARMOUR & CO. v. SHERBURNE et al.

(Circuit Court of Appeals, First Circuit. July 18, 1924.)

No. 1681.

1. **Sales ⬌79—Agreed substitution of actual for c. i. f. delivery.**

Where a contract for sale of sugar, to be shipped from Java, was a c. i. f. contract, but gave the buyer an option to take the sugar, duty paid, at higher price, the exercise of such option eliminated the c. i. f. provisions, and the seller was required to present for payment dock delivery orders or warehouse receipts.

2. **Sales ⬌153—Actual tender of delivery unnecessary, where buyer has declared its refusal to accept delivery.**

Where the seller was able and ready to perform a contract for sale of sugar, by delivery of the sugar itself or of warehouse receipts, a previous declaration of the buyer that it would not accept delivery, persisted in, made it unnecessary for the seller actually to tender the warehouse receipts or the sugar.

In Error to the District Court of the United States for the District of Massachusetts; Elisha H. Brewster, Judge.

Action at law by John H. Sherburne and others, trustees, against Armour & Co. Judgment for plaintiffs, and defendant brings error Affirmed.

⬌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

300 F.—6

Robert H. Holt, of Boston, Mass. (W. C. Kirk, of Chicago, Ill., and Gaston, Snow, Saltonstall & Hunt, of Boston, Mass., on the brief), for plaintiff in error.

John H. Sherburne. of Boston, Mass. (Howard Stockton, Jr , Warren, Garfield, Whiteside & Lamson, and Sherburne, Powers & Needham, all of Boston, Mass., on the brief), for defendants in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

PER CURIAM. [1, 2] The court is of the opinion that, under the contract of April 16, 1920,[1] the Sherburne Company could furnish white Java sugar, packed in bags of about two cwt., etc., shipped from Java in the month of July, 1920, without regard to whether it bought the sugar under the Czarnikow-Rionda Company contract of March 31, 1920, or as later modified, whether it itself caused the sugar to be shipped from Java; that there was evidence from which the jury could properly find that Armour & Co. exercised its option to take the

---

[1] Minford, Lueder & Co., 106 Wall Street, New York.

April 16, 1920.

Armour & Company, Chicago, Illinois—Gentlemen: We have this day sold you for the account of E. R. Sherburne Company against and under their contract with their principals and contingent thereon.

About five hundred (500) tons, of 2,240 lbs. each, 10% more or less if complete cargo, otherwise exact quantity, white Java sugars, packed in bags of about two cwt. each. Sound packages only to be delivered.

At nineteen (19) cents, cost, freight and insurance to cover particular average (Insurance invoice plus 2%) per lb., net landing weights, New York, tel-quel., or 20.36 cents duty paid, buyer's option.

Shipment to be made approximately as follows:

50 tons July
135 tons July/August, seller's option
315 tons August/Sept., "           ",

from the island of Java for New York.

Payment to be made by net cash on presentation of shipping documents in New York. Buyers to open immediately confirmed irrevocable credit in favor of E. R. Sherburne Company for the full amount of the invoice and bankers to confirm same to E. R. Sherburne Company, Boston, immediately.

Discharge of 500 tons per weather working day. Demurrage of £450 per day lay days counting 24 hours from arrival of steamer at or off port.

Delivery of the sugar to be made at a customary safe wharf as directed by the buyer.

Free from claims for nondelivery caused by "force majeure," fire, explosions; strikes, or by any contingencies beyond control of sellers, preventing the shipment or delivery of the goods.

Should any unforeseen circumstances such as accidents, stress of weather, etc. prevent the steamer or steamers hereafter declared against this contract from clearing within the time specified above, and the sellers or their agents be unable to supply other tonnage of equal character and capacity, the buyer has the option of canceling such portion of this contract, as has not cleared within the time specified above or taking the sugar for later shipment without claiming damages and their decision is to be given immediately on advice from sellers that delay has occurred.

Accepted: Armour & Company,                    Minford, Lueder & Co.,
          F. A. Walters.                        W. R. Bassett, Broker.
E. R. Sherburne & Company,
          W. R. Bassett.

sugar at 20.36 cents per pound, duty paid; that, although the Karimoen, the steamer first declared against, did not sail from Java in July, inasmuch as the Sherburne Company made that declaration subject to possible errors and corrections, it was a conditional declaration and did not preclude it from thereafter declaring a steamer or steamers bearing white Java sugars which sailed from Java in July; that it fulfilled its obligations in this respect when, on October 1st, it declared conditionally, and on October 14th unconditionally, the steamer Siletz which sailed from Java in the month of July with a cargo of white Java sugar and that Armour & Co., on September 3, 1920, and ever thereafter, by insisting on a cancellation of the contract as to July 50 tons, did so without right and in violation of the contract; that the contract of April 16, as drawn and before the option was exercised by Armour & Co. to take the sugar duty paid, was a c. i. f. contract—that is, called for the payment of sugar at 19 cents a pound upon presentation of ocean bills of lading, invoice, freight receipt, and insurance certificates (Harper v. Hochstim [C. C. A.] 278 Fed. 102, 20 A. L. R. 123; Thames & Mersey Ins. Co. v. United States, 237 U. S. 19, 26, 35 Sup. Ct. 496, 59 L. Ed. 821, Ann. Cas. 1915D, 1087); that after the option was exercised to take the sugar duty paid it became impossible for the Sherburne Company to present for payment ocean bills of lading and rendered a certificate of insurance covering the voyage of no consequence; that, in view of this situation, it became necessary for the parties to agree, in order to enable the Sherburne Company to carry out its contract, on a substitution of dock delivery orders or warehouse receipts which might be presented in the place of ocean bills of lading in demanding payment; that there was evidence from which the jury was warranted in finding that as early as July 9, 1920, Armour & Co. agreed to a substitution of dock delivery orders or warehouse receipts and that it would make its letter of credit in favor of the Sherburne Company payable upon presentation of such orders or warehouse receipts, but that it failed to furnish such letter of credit; that the declaration and right of action in this suit is not grounded upon the anticipatory breach of September 3, 1920, while the contract remained executory, but upon performance on the part of the Sherburne Company and a refusal on the part of the defendant to accept performance; that section 146 of the Personal Property Law of New York (Consol. Laws, c. 41) is, therefore, not applicable (Hutt v. Hausman, 118 Misc. Rep. 448, 193 N. Y. Supp. 452); that as the action is based upon performance and nonacceptance and the evidence shows that the Sherburne Company was able and ready to perform by a presentation of warehouse receipts or a delivery of the sugar itself, the jury were warranted in finding that the Sherburne Company had fully performed its part of the contract and that it was unnecessary for it actually to tender the warehouse receipts or the sugar, for to do so would be a useless thing in view of Armour & Co.'s absolute refusal of September 3, which it thereafter persisted in, to accept performance (Hutt v. Hausman, 118 Misc. Rep. 448, 193 N. Y. Supp. 452; Rubber Trading Co. v. Manhattan Rubber Mfg. Co., 221 N. Y. 120, 116 N. E. 1073; Strasbourger v. Leerburger, 233 N. Y. 55, 135 N. E. 920; Landes v. Klopstock, 252 Fed. 89, 164 C. C. A. 201).

The plaintiffs do not rely upon the defendants' persisted-in refusal or repudiation as a breach, as contended by the defendant, but as evidence to excuse an actual tender, which the jury found and was warranted in finding that it waived. The defendant's exceptions are overruled.

The judgment of the District Court is affirmed, with costs to the defendants in error.