## (March 14, 1977)

■ SALVATORE AIELLO, Respondent, v ALL METAL PARTITION COMPANY, Appellant. (And a Third-Party Caption.)—In a negligence action to recover damages for personal injuries, in which a judgment was entered in favor of plaintiff on default, defendant appeals from an order of the Supreme Court, Richmond County, dated July 1, 1975, which denied its motion to vacate the judgment. Order reversed, without costs or disbursements, and motion granted upon condition that defendant's attorneys pay plaintiff the sum of $250 within 20 days after service upon defendant of a copy of the order to be made hereon, together with notice of entry thereof; in the event such condition is not complied with, order affirmed, without costs or disbursements. The affidavit of merits displays a meritorious defense. Further, the request by the defendant for a one-day adjournment would not have caused such prejudice to the plaintiff as to require the entry of a default judgment. However, defendant's attorneys should be required to pay plaintiff the sum of $250 for the inconvenience which they have caused (see *Moran v Rynar*, 39 AD2d 718). Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.

■ ART-LLOYD METAL PRODUCTS CORP. et al., Appellants, v ALLIED EQUIMET CORPORATION, Respondent, et al., Defendants. (Action No. 1.) ALLIED EQUIMET CORPORATION, Respondent, v ART-LLOYD METAL PRODUCTS CORP. et al., Appellants, et al., Defendants. (Action No. 2.)—In consolidated actions in which plaintiffs in Action No. 1, *inter alia,* seek to recover damages for fraud and plaintiff in Action No. 2, Allied Equimet Corp. (Allied), seeks specific performance of a contract for the sale of a business, the appeal is from an order of the Supreme Court, Kings County, dated November 16, 1976, as resettled by an order of the same court, dated February 18, 1977, which, *inter alia,* granted Allied's motions for leave to amend its answer in Action No. 1 and its complaint in Action No. 2, and denied appellants' cross motion for summary judgment. Order, as resettled, affirmed, with one bill of $50 costs and disbursements to cover the costs of the brief submitted by the firm of Steinberg & Tuchman, P. C. Appellants' time to reply to the amended answer in Action No. 1 and to answer the amended complaint in Action No. 2 is extended until 20 days after entry of the order to be made hereon. Appellants may conduct a further examination before trial of Allied at the place designated in the order appealed from, upon 10 days' written notice, which shall be given within 20 days after entry of the order to be made hereon, or at such other time and place as the parties may agree. Allied's motions for leave to amend its pleadings in the consolidated actions were, under all of the circumstances, properly granted. Appellants' reliance upon *Rubber Trading Co. v Manhattan Rubber Mfg. Co.* (221 NY 120) is misplaced. There, the plaintiff originally commenced its suit on a purported breach of contract and later attempted to substitute a cause of action on a prior anticipatory breach which the plaintiff had, in fact, waived. At bar, Allied brought suit on an anticipatory breach by appellants within days of its occurrence, and now merely seeks to add allegations as to subsequent events which involve an apparent decision by appellants to proceed with the contract and then a second breach by them. Those additional facts are well known to both sides and, legal conclusions aside, are undisputed. Further, this matter is best resolved by a trial on the merits. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.