ALBERT R. BASS, Appellant, *v.* JOHN WHITE et al., Respondents.

THIS action was brought to recover damages for an alleged breach of contract to deliver a quantity of coal.

Defendants sold to plaintiff 400 tons of coal to be delivered at three places named, the purchase-price and freight payable on receipt of bill of lading. Defendants delivered 200 tons and the residue they shipped in accordance with plaintiff's instructions; their clerk presented the bill of lading at plaintiff's office, in New York, on Saturday at five minutes before three P. M. and demanded a check for the amount. This was the first notice defendant had of the shipment of the coal, or that it was ready for delivery. Plaintiff told the clerk that he had an account against the defendants which he would like tô have deducted and he would pay the balance. The clerk replied that his orders were to get a check or bring back the bill. Plaintiff said he would go to defendants' office and see them; this he immediately did. Defendants declined to make the deduction, and stated that they must have a check for the amount or plaintiff could not have the coal. After an attempt to induce them to accede to his request, which failed, plaintiff offered to give his check for the amount. One of defendants then stated it was after three o'clock and he would not take the check. The bank closed at three. Plaintiff then brought a responsible friend who offered to indorse the check; this was refused. Plaintiff then arranged with the captain of the boat, upon which the coal was shipped, to hold the same until Monday. Monday morning plaintiff tendered to defendants the money for the amount of the bill; this they

declined to accept, and refused to deliver the coal. The court below held that plaintiff had failed to pay for the coal when tendered, and hence defendants were not liable. *Held*, error; that as defendants had a reasonable time for delivery, after notice, plaintiffs were not required to keep money on hand to be ready at any time to pay for the coal; that notice could be taken of the custom of business men to make such payments in the city of New York by checks; that plaintiff was entitled to a reasonable time, after refusal of the check, to procure the money; and that until the morning of the next banking day was not unreasonable, particularly as defendants did not inform him that he must procure the money at once or forfeit his contract; also that he was not bound to ask for time.

*James Troy* for the appellant.

*W. W. Goodrich* for the respondents.

EARL, C., reads for reversal.
All concur.
Order reversed and judgment on verdict affirmed.