SAMUEL STRASBOURGER, as Trustee in Bankruptcy of the Estate of MADERO BROS., INC., Appellant, v. MATILDA LEERBURGER, as Executrix of HENRY LEERBURGER, Deceased, et al., Copartners under the Firm Name of LEERBURGER BROS., Respondents.

Sales — presentation of bill by vendor before delivery of goods — when demand for payment within specified time unreasonable — when certified check required to make tender of payment valid — when certification waived — when purchaser required to prove that he had funds sufficient to justify certification of check, or to pay cash.

1. Plaintiff's predecessor in title bought of a firm, now represented by defendant, merchandise then in a foreign country under an agreement to pay "spot cash" on its delivery in New York. Several months later that firm presented to this plaintiff, trustee in bankruptcy for the purchaser, a bill for the merchandise which had then arrived and stated it would expect a certified check in payment within two hours. Not receiving a check at that time, the seller wrote a letter stating that the contract was broken and rescinded. Four days thereafter the purchaser tendered a check in payment which was not certified, which the sellers refused to accept and stated that they

would not have received it if it had been certified. *Held, first,* that the two hours allowed for payment was not a reasonable time; *second,* that a jury might have found under circumstances shown to excuse delay that a proper tender made on the day when the uncertified check was offered would still have been within the reasonable time contemplated by the parties; *third,* that to make a valid tender the purchaser was required to present a certified check, which he failed to do; *fourth,* that a formal tender was waived but that the purchaser was obliged to show that he had funds on deposit sufficient to justify the certification of his check or which would have enabled him to offer the necessary cash. Hence, plaintiff failed to prove an essential fact.

2. The purchaser might when he received the letter stating that the contract was rescinded have treated that letter as an anticipatory breach and have sued for his damages. He was required, however, to make an election. He could not at the same time treat the contract as broken and as subsisting. One course of action excludes the other.

*Strasbourger* v. *Leerburger,* 195 App. Div. 480, affirmed.

(Argued January 16, 1922; decided February 28, 1922.)

APPEAL from a judgment entered March 19, 1921, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and directing a dismissal of the complaint. .

*Nathan Ballin, Irving L. Ernst* and *Charles A. Kalish* for appellant. The right of action accrued when the breach occurred. No tender of performance was required, for defendants' conduct waived such tender. (*Nichols* v. *Scranton Steel Co.,* 137 N. Y. 471, 485; *Stokes* v. *Mackay,* 147 N. Y. 223; *Riendeau* v. *Bullock,* 147 N. Y. 269; *Smith* v. *Wetmore,* 167 N. Y. 234; *Brinley* v. *Nevins,* 162 App. Div. 744; *Reid* v. *America Co.,* 136 N. Y. Supp. 75.) The alleged rescission was a breach. It was never recognized by plaintiff. (*Powell* v. *Linde Co.,* 29 Misc. Rep. 419.) Defendants' conduct was unreasonable. (*Bass* v. *White,* 65 N. Y. 565; *Wilfand* v. *Zwerner,* 168 N. Y. Supp. 564.)

*Sidney Newborg* for respondents.   Plaintiff's repudiation of defendants' attempted rescission kept the contract alive for the benefit of both parties, and either party could take advantage of subsequent events.   (*Rubber Trading Co.* v. *Manhattan Rubber Mfg. Co.,* 221 N. Y. 120; *Becker* v. *Seggie,* 139 App. Div. 463; *Hadfield* v. *Colter,* 188 App. Div. 563; *Marks* v. *Van Eighen,* 85 Fed. Rep. 853; *Lehmaier* v. *Standard S. & T. Co.,* 123 App. Div. 431; *International Cheese Co.* v. *Garra,* 107 Misc. Rep. 344.)   Plaintiff breached the contract while it was in full force and effect and prior to any breach by defendant.   (*Bass* v. *White,* 65 N. Y. 565; *Wilfand* v. *Zwerner,* 168 N. Y. Supp. 564.)   An uncertified check is not a valid tender.   (*Matter of Collyer,* 124 App. Div. 16; *Volk* v. *Olsen,* 54 Misc. Rep. 227.)   Plaintiff's failure to show that he was ready, willing and able to perform is fatal to a recovery by him and requires an affirmance of the order of the Appellate Division.   (*Bigler* v. *Moran,* 77 N. Y. 312; *Stern* v. *McKee,* 70 App. Div. 142; *Porter* v. *Rose,* 12 Johns. 209; *Makepeace* v. *Dillton,* 179 App. Div. 60; *Ziehen* v. *Smith,* 148 N. Y. 558.)

ANDREWS, J.  On October 18, 1917, the firm of Leerburger Brothers entered into a contract with Madero Brothers, Incorporated, by which they sold to the latter 20,000 ounces of quinine at 80 cents an ounce.  The quinine was in Java but was to be delivered to the purchaser in New York.  It was to be shipped in October or November and the terms of payment were net spot cash in New York funds on delivery of the documents.

The quinine reached New York early in May, 1918. Leerburger Brothers received the documents showing its arrival and their right to the goods on May 2.  At this time Madero Brothers had been placed in bankruptcy and Mr. Strasbourger was the trustee.  A Mr. Bonynge was employed by him and had charge of the Madero business.

Having received the documents on May 2, on Friday,

May 3, at 1 P. M., Mr. Leerburger, through his attorney, called on Bonynge, presented the bill for the quinine and asked if the trustee intended to take up the contract. He was informed that the trustee did so intend and Leerburger replied that they would expect a certified check in payment by 3 P. M. Bonynge promised to do his best but said it would be difficult as the check had to be signed by the trustee and countersigned by the referee. At 2 P. M. Mr. Leerburger himself called and renewed the statement that he must have the check by 3 P. M. Not having received it at that time, he wrote a letter to the trustee stating that the contract was broken and that the Leerburgers rescinded it.

The situation then was that Bonynge had made out a check to the Leerburgers, had obtained the signature to the check by the trustee, but when he reached the office of the referee at 3 o'clock or a little earlier found that the referee had left New York and gone to his country place up the Hudson. He, therefore, wrote a letter of explanation to the referee inclosing a check and asking him to sign and return it immediately. The check was not received again by Bonynge until some time after banking hours on Monday, the 6th.

Under the circumstances of this contract, in view of the fact that it was made in October with the expectation that the quinine would reach New York only at a considerably later and at an uncertain date, in view of the fact that it was not actually received until six months after the contract was made and in view of the fact that a considerable amount of cash was involved, we think that the buyer was entitled to a reasonable time within which to procure the cash or the certified check substituted therefor. We may take notice of ordinary business usage. " Net spot cash in New York funds on the delivery of the documents " could never have been intended to require the buyer at all times to have in its possession $16,000 in cash, ready to make payment at any moment when the documents

were presented to it. It is not so written in the bond. Indeed the parties by their action show that this was not the practical construction they placed upon its provisions. Leerburger did not demand immediate payment. He gave two hours leeway. The difficulty is that as a matter of law these two hours were not, under the circumstances, a reasonable time. (*Bass* v. *White*, 65 N. Y. 565.)

The plaintiff might, therefore, when he received the letter stating that the contract was rescinded have treated that letter as an anticipatory breach and have sued for his damages. He was required, however, to make an election. He could not at the same time treat the contract as broken and as subsisting. One course of action excludes the other. (*Rubber Trading Co.* v. *Manhattan R. M. Co.*, 221 N. Y. 120.)

This, however, is what he did. On Saturday he wrote to the Leerburgers treating the contract as still in force, stating that the quinine would be paid for on Monday and demanding that when so paid for the goods be delivered to him. We think the jury might find that a proper tender made on that day would still have been within the reasonable time contemplated by the parties.

The contract, therefore, being still in force, what happened on Monday? Mr. Bonynge, with the check signed by the trustee and countersigned by the referee, took it to the Leerburgers' office. The check was not certified because Mr. Bonynge had received it after banking hours. He tendered it to the Leerburgers and demanded the goods. They refused to deliver them on the ground that the contract had been broken. They also stated that the check was not certified, but said they would not have received it if it had been. Neither then nor later was a certified check offered to them.

Having refused to receive the check because the contract was broken; having stated that they would not have received it even if it had been certified, it is said they have chosen their position and must stand or fall upon it.

They may not now claim that even if made in time the tender was improper in form. We do not think that this argument is controlling here.

While not necessary to the decision it was said in *Littlejohn* v. *Shaw* (159 N. Y. 188, 191) that the principle is plain " that if a particular objection is taken to the performance (of a contract) and the party is silent as to all others, they are deemed to be waived." It may be that this statement is too broad; that it should be confined to those cases where if warned the party might have obviated the trouble (*Higgins* v. *Eagleton*, 155 N. Y. 466; *Polglass* v. *Oliver*, 2 C. & J. 15), or it may be that it is based upon the theory that such silence is a conclusive admission that otherwise the contract has been performed. In any event, however, the circumstances before us do not permit of the application of the rule. To make a valid tender the plaintiff was required to present a certified check. He did not do so. This failure was at the time called to his attention. That objection was made. There was no admission by the seller. The buyer was not deluded.

No tender having in fact been made, can it be said that its necessity had been waived? The law requires no one to do a vain thing. A formal tender is never required where by act or word the other party has shown that if made it would not be accepted. Had the plaintiff here been told in advance that such an act would be useless, he would stand excused. We think the same rule applies when at the time of an informal tender he is told that any effort to correct the informality will be unavailing. He is thus induced to remain inactive when activity might have preserved his rights. But while the lack of a tender may be excused, he must still show that he was able and willing to make it had it been required. (*Eddy* v. *Davis*, 116 N. Y. 247; *Bigler* v. *Morgan*, 77 N. Y. 312.) This he has failed to do. It does not appear that he had funds on deposit sufficient to justify the

certification of his check or which would have enabled him to offer the necessary cash.

The result, therefore, reached by the Appellate Division was right. The plaintiff failed in proof of an essential fact. Under such circumstances the Appellate Division might have granted a new trial instead of dismissing the complaint. It was not compelled to do so. " If the facts proved upon the trial were insufficient to constitute a cause of action the judgment (of dismissal) of the Appellate Division must be affirmed." (*Faber* v. *City of New York,* 213 N. Y. 411, 414; *Lenahan* v. *City of New York,* 157 App. Div. 907.)

The judgment appealed from should be affirmed, with costs.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MC-LAUGHLIN and CRANE, JJ., concur.

Judgment affirmed.