BERNARD H. BERNSTEIN, Plaintiff, *v.* BENJAMIN JACOBSON, Defendant.

City Court of New York, April 26, 1927.

**Vendor and purchaser — action by vendor for breach of land contract brought after closing date — complaint must allege vendor was ready, willing and able to sell on closing date.**

The complaint in an action against the buyer for breach of a land contract alleging that the contract was breached by the defendant prior to the closing date, must allege that the vendor was ready, willing and able to perform and sell the property on the closing date.

Accordingly, the complaint in this action must be dismissed which alleges that plaintiff had purchased the property from a third person, that the closing date between himself and his vendor and himself and defendant, his vendee, was fixed for the same day, and that if the defendant had tendered performance, plaintiff then would have been able to perform by completing his purchase from his vendor.   Plaintiff's claim that at the time of defendant's anticipatory breach of the contract he could have performed both with his vendor and defendant is of no avail for the parties were required to perform on the date specified in the contract and not in advance thereof.   Defendant's anticipatory breach cannot be made the legal cause of any damage, since plaintiff was unable to perform the contract at the time and place required.

MOTION by defendant for judgment on the pleadings.

*Schafran & Rollins* [*Irving L. Rollins* of counsel], for the motion.

*Horace H. London* [*Bernard H. Bernstein* of counsel], opposed.

EVANS, J.   The complaint contains allegations which are evidentiary in their nature on the question of the plaintiff's ability to perform.   They are surplusage and need not have been pleaded. If entirely irrelevant and merely surplusage, they might well be

26

disregarded by the court. The trouble with the excess of allegation is that, instead of being merely irrelevant or evidentiary of plaintiff's claim, it tends to negative his cause of action. When surplusage in a complaint shows the court that plaintiff has, in fact, no case at all, it cannot be disregarded. No complaint should be allowed to go to trial when it contains statements of fact which, though unnecessary to have been pleaded, entirely negative the cause of action.

The complaint contains sufficient allegations by a vendor of real property to recover damages for breach of a contract by the vendee. (The suit is brought, after the closing date passed, and there is nothing in the complaint from which one may infer that, after the repudiation, and before the closing date, plaintiff elected to rescind, because of the anticipatory breach.) But plaintiff seems not content to stop there; and tells the court that the property, subject of the sale, was not in fact owned by him, but that he had contracted for its purchase for a lesser price than he had sold it to defendant, and had arranged both closings for precisely the same time and place, so that he could take title from his vendor, and thus give title to defendant. That, of course, is merely surplusage. But plaintiff further tells us, in his complaint, that his sole excuse for not performing, or making tender of performance, was not merely the anticipatory breach, but that he took no title from his vendor, and did not perform the contract with his vendor and " would have completed the performance of all the terms and conditions " of his contract with his vendor, " if the defendant would have completed the contract " sued upon; that at the time of the repudiation of the contract, before the date of closing, plaintiff was ready, willing and able to close with his vendor and to perform with defendant, but for the anticipatory breach. The latter allegations cannot be disregarded by the court, for they show affirmatively that, at the time set for the closing, plaintiff did not have the ability to perform his contract with the vendee. The allegation that plaintiff, at the time of the anticipatory breach, could have performed both with his vendor and defendant is of no avail, for the law requires parties to perform upon the date specified in their contracts, and not in advance thereof. Plaintiff being unable to perform the contract at the time and place therein required, the anticipatory breach by defendant cannot be the legal cause of any damage.

An anticipatory breach of such a contract as this by the vendee excuses the vendor from the formality of making a tender. The allegations and proof of an anticipatory breach, and readiness, willingness and ability to perform at the time required by the

contract would be sufficient. Indeed, upon the repudiation of the contract by defendant, before the closing date, plaintiff could have sued for damages immediately, and thus elected to terminate the contract (*Strasbourger* v. *Leerburger*, 233 N. Y. 55), or plaintiff could have waited until after the closing date, as he did, at bar, and sued for the breach, being excused from the making of a tender, and not required to make an election to rescind, because of the anticipatory breach. But plaintiff could not, between the time of repudiation and the closing date, treat the contract as rescinded without making such an election. (*Rubber Trading Co.* v. *Manhattan R. M. Co.*, 221 N. Y. 120, and cases therein cited.) There is no allegation in the complaint, of an election to treat the contract as rescinded. So that, at bar, the time for performance or tender, by either party, must be regarded as the closing date, fixed in the contract. Now, while the plaintiff's failure to perform or make a tender may be excused, the plaintiff must still show that he was ready, willing and able to perform or tender, if required. (*Eddy* v. *Davis*, 116 N. Y. 247; *Bigler* v. *Morgan*, 77 id. 312; *Strasbourger* v. *Leerburger*, *supra*.)

The plaintiff having alleged, in excess of the requirements of a complaint, that he relied upon defendant's performance to put him in a position to perform, has, in my judgment, negatived his own cause of action.

For, since the obligation to perform the contract at bar was concurrent, it necessarily follows that the ability to perform must be possessed by each party, concurrently. By saying that he could not perform, unless defendant put him in such position, by performance of the contract on his part, the plaintiff is attempting to shift the concurrent obligation of the parties, and putting defendant to the first move. It was not a condition precedent, on defendant, to go forward with performance, so that plaintiff might be enabled to go ahead with his obligations. Each party must be ready, willing and able to perform, concurrently, where the conditions to be performed are concurrent. Undoubtedly, the defendant could not recover back any part, paid on account of the purchase price, for failure of plaintiff's tender, or readiness or ability to perform, on the closing day (assuming his allegations, contained in the answer, to be true; for the answer contains ample proof of a clear violation of the contract by defendant). But the fact that defendant has so violated the contract, as to preclude himself from recovering any part of the purchase price, for failure of plaintiff's tender of performance, or his inability to perform the contract, does not give plaintiff a right to recover damages against defendant, unless plaintiff himself had the ability to tender or

perform on the day specified in the contract, without any aid from defendant.

The unnecessary allegations, thus pled, which lead me to the foregoing opinion, are stated by way of conclusions, which may or may not be justified by all the facts of the case, not disclosed in the complaint.

I, therefore, will give the plaintiff an opportunity to serve an amended complaint, within six days after service of notice of entry of the order herein, if he is so advised, upon the payment of ten dollars costs. If no amended complaint is so served, the motion will be granted, with ten dollars costs.