IRWIN KOTCHER, Appellant, Respondent, *v.* LUCIUS A. EDELBLUTE, as Executor, etc., of MARGARET KENNEDY, Deceased, and Others, Respondents, Appellants.

First Department, April 27, 1928.

Vendor and purchaser — specific performance of option clause in lease — lease provided that plaintiff should have right to purchase at any time during first two years — landlord died before commencement of term — landlord's will was probated shortly before expiration of term — lease stipulated that covenants were binding on parties or " legal representatives "— notice of election to exercise option had to be given either to landlord or her administrator or executor — notice of election to exercise option not necessary since temporary administrator and executor denied that lease was valid.

This is an action to specifically enforce a clause in a lease granting the plaintiff an option to buy the premises " at any time during the first two years of this lease.", The lease provided that the covenants and agreements contained therein should be binding on the parties and " their legal representatives." The term of the lease commenced on October 1, 1924. The landlord died before the commencement of the term. On March 26, 1925, a temporary administrator was appointed and the will of the landlord was admitted to probate March 12, 1926. The present action was commenced in May, 1926, less than two years after the commencement of the term.

Notice of election to exercise the option, under the circumstances, should have been given to the administrator or executor. But in view of the fact that the temporary administrator and the executor at all times denied the existence

of any lease, upon the ground that either the instrument was forged or its execution induced by fraud, the plaintiff was not required to give any formal notice of election to exercise the option. Plaintiff did all that equity required in this case, since he insisted generally upon the performance of the lease, and that being denied him, and its validity disputed, he was not called upon specifically to demand performance of the covenant granting the option, and this is especially true since the plaintiff was deprived of any occupancy.

CROSS-APPEALS from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 24th day of May, 1927.

*Stanley C. Fowler* of counsel [*Ralph O. L. Fay* with him on the brief], for the plaintiff.

*William Byrd* of counsel [*Charles D. Miller* with him on the brief; *Harrison, Elliott & Byrd,* attorneys for Lucius A. Edelblute, as executor, etc.; *Hoes, Low & Miller,* attorneys for The Rector, etc., of the Church of the Holy Apostles in New York], for the defendants.

O'MALLEY, J. This action is for the specific performance of " each and all " terms and conditions of a lease, which contained an option to purchase. The plaintiff was the tenant, and one Margaret Kennedy, defendant Edelblute's testatrix, was landlord. The other defendants are the residuary legatees under the last will and testament of Margaret Kennedy. The justice at Special Term has decreed specific performance of the lease except in so far as the option to purchase is concerned. The plaintiff appeals from so much of the decree as refuses specific performance of the option, while the defendants appeal from so much of the decree as grants plaintiff any relief.

We are of the opinion that defendants' appeal may not be sustained. The Special Term was justified upon all the evidence in resolving in plaintiff's favor the issues of forgery and fraud tendered by the defendants with respect to the factum of the lease. Such conclusions are not contrary to the probabilities and must be upheld. We are also of the opinion, however, that plaintiff was entitled to the benefit of the whole lease and that it was error in the circumstances to refuse specific performance of the option to purchase.

The lease was dated May 6, 1924. It granted plaintiff a term of five years commencing October 1, 1924, and contained the usual covenant for peaceable and quiet possession. It was further agreed that the plaintiff should " have the right to purchase said premises in fee, at any time during the first two years of this lease " upon certain terms not here important. The covenants and agree-

ments contained in the lease were expressly made binding " on the parties   *   *   *   and their legal representatives."

Before the date set for the commencement of the term and on July 16, 1924, the said Margaret Kennedy died. On March 26, 1925, a temporary administrator of her estate was appointed. Her will was admitted to probate March 12, 1926, and letters testamentary issued to the defendant Edelblute who duly qualified as executor. This action was commenced in May, 1926.

Though the plaintiff did not before October 1, 1926, give any formal and express notice of his exercise of the option of purchase, he should not now be precluded from exercising such right. It is true that the general rule is to the effect that in a contract of option time is of the essence. But there are exceptions, and this case presents one of them.

Until the appointment of the temporary administrator, there was no one to whom notice might properly and effectively be given. Such notice had to be given either to the landlord or her administrator or executor, the lease having been made binding on the " legal representatives " of the parties. (*Rockland-Rockport Lime Co.* v. *Leary*, 203 N. Y. 469.) Nor is the plaintiff precluded by failure to give express notice of the exercise of the option to the temporary administrator, the executor or the residuary legatees. They had at all times denied that he had any rights whatsoever under the lease. They denied him possession of any sort. They asserted the instrument had been forged or at least induced by fraud. If they refused him a term of years, what reason had plaintiff to suppose that upon notice of his election to purchase under the option, they would grant him the fee? If denied even a small part, what reasonable expectation had plaintiff that he would be given the whole?

Forbearance from suit until the conclusion of the probate proceedings was at the express request of the defendants. " After such refusal there was no necessity of making a tender, for the law does not require a vain thing to be done." (*Rockland-Rockport Lime Co.* v. *Leary, supra,* 484.) And as was also said of a tender: " A formal tender is never required where by act or word the other party has shown that if made it would not be accepted.   *   *   * He is thus induced to remain inactive when activity might have preserved his rights." (*Strasbourger* v. *Leerburger,* 233 N. Y. 55, 60.) So in this case with respect to tender and the notice of election to exercise the option to purchase, plaintiff did all that equity might require. He insisted generally upon the performance of the lease. That not only being denied him, but its very making and validity being disputed, he was not called upon to specifically

demand performance of any of its particular covenants. Especially is this so when the plaintiff was deprived of any occupancy. Knowledge of the premises thus gained may ofttimes be the determining factor in an election to purchase or not to purchase.

The judgment should, therefore, be modified in accordance with this opinion and as so modified affirmed, with costs to the plaintiff.

DOWLING, P. J., MERRELL, MARTIN and PROSKAUER, JJ., concur.

Judgment modified in accordance with opinion and as so modified affirmed, with costs to the plaintiff. Settle order on notice. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded.