TAGUE HOLDING CORPORATION, Respondent, *v.* SIDNEY HARRIS, Appellant.

First Department, November 2, 1928.

*Charles Lincoln Sylvester* of counsel [*Schiff, Sylvester & Harris,* attorneys], for the appellant.

*David Bernstein,* for the respondent.

FINCH, J.   The action was by a seller of real property to recover damages for a breach of contract by the buyer in not taking title. The latter counterclaimed to recover his down payment.   Upon a trial the plaintiff recovered damages for breach of contract against the defendant, and the counterclaim was dismissed.   Defendant appeals.

The plaintiff bought a piece of property for $45,000 and resold it to the defendant, before taking title, for $50,500.   Upon this latter contract the defendant paid $5,050 in cash.   At the closing the plaintiff appeared prepared to take title from its vendor and to reconvey to the defendant.   The defendant defaulted.   The defendant now urges that as the plaintiff had not actually taken title from its buyer, it was never ready, willing and able to perform its obligations under the contract.   In view of the particular facts in the case at bar, this contention is untenable in the mouth of the defendant for the reason that the contract of sale expressly recited that the plaintiff did not have title to the property, but merely a contract to purchase the same.   The contract of sale further provided that defendant would make payment by delivering his purchase-money bond and mortgage to the plaintiff's vendor. It thus clearly appears that it was the intention of the parties that title should be taken direct from plaintiff's vendor, rather than through the plaintiff.   The defendant prior to the date of closing having stated that he would not take title, and having defaulted, is in no position to complain of the plaintiff's failure to acquire title where as here the defendant was to take title from plaintiff's vendor.   As said by Judge ANDREWS, in *Strasbourger* v. *Leerburger* (233 N. Y. 55, 60):   "The law requires no one to do a vain thing.   A formal tender is never required where by act or word the other party has shown that if made it would not be accepted."   There is another reason also why this judgment cannot be sustained.

An expert, called by the plaintiff, testified that the plaintiff's property was worth $50,000 to $60,000.   The plaintiff, respondent, claims in its brief that the damages were the difference between the purchase price of $45,000 and the expert evidence price of $60,000, or $15,000, and that the trial court allowed damages in the sum of $7,500, from which the down payment of $5,050 on the contract of resale was deducted, leaving $2,450, which was the amount found by the trial court.   Since, however, the plaintiff, respondent, claims that the property which the defendant refused to buy for $50,500 was actually worth $60,000, the plaintiff by its

own showing was benefited and not damaged by the refusal of the defendant to complete the contract. The defendant, however, is in no position to insist upon recovering his down payment, since the defendant forfeited the same by his default. As was said by FOLGER, Ch. J., in *Lawrence* v. *Miller* (86 N. Y. 131, 139): " It is never permitted either at law or in equity, for one to recover back money paid on an executory contract that he had refused or neglected to perform."

It follows that the judgment appealed from should be reversed as to that portion which awards damages, and the complaint dismissed, and affirmed as to that portion which dismisses the counterclaim, without costs.

DOWLING, P. J., McAVOY, MARTIN and PROSKAUER, JJ., concur.

Judgment so far as it awards damages and costs to the plaintiff reversed, without costs, and the complaint dismissed. Judgment so far as it dismisses the counterclaim affirmed, without costs.