■ LESLIE HAVAS et al., Respondents, v VICTORY PAPER STOCK CO., INC., Defendant and Third-Party Plaintiff-Appellant. MORGAN GUARANTY TRUST Co., Third-Party Defendant-Appellant.—Appeals (1) from a judgment of the Supreme Court, entered December 16, 1977 in Sullivan County, upon a verdict rendered at a Trial Term, in favor of plaintiffs against defendant, Victory Paper Stock Co., and (2) from a judgment of the same court, entered January 3, 1978, which granted judgment in favor of third-party plaintiff against third-party defendant and apportioning damages therein, and (3) from an order of the same court, entered December 15, 1977, which denied the third-party plaintiff's and third-party defendant's motion to set aside the verdict. The facts are not in dispute. The defendant and third-party plaintiff Victory Paper Stock Co. (Victory) and third-party defendant Morgan Guaranty Trust Co. (Morgan) had a contractual arrangement whereby Victory would remove bales of waste paper from the Morgan offices located at Wall and Broad Streets in New York City. The plaintiff, Leslie Havas, was employed by Morgan as supervisor of a night crew which collected waste, debris and papers, bailed the same in bales weighing some 600 pounds, and placed the bales on the sidewalk for loading onto a Victory flat-bottomed truck during the early morning hours. The bales were usually loaded onto the truck by means of a hydraulic forklift owned by Morgan. On the day before the subject accident, plaintiff Havas refused to load the truck because the forklift was inoperable. On the next morning, April 21, 1975, against his better judgment but in response to a directive by his superior, plaintiff directed four crew members to position a wooden ramp so that one end was on the sidewalk and the other against the horizontal edge of the flat-bed truck. The ramp was approximately 10 feet long and three and one-half feet wide. It was owned by Morgan. The end of the ramp against the edge of the

truck had a small lip or curve which the Morgan crew members cupped around the edge of the truck. Four employees of Morgan, two on each side of the ramp, proceeded to roll two bales up the ramp and onto the bed of the truck. From that position the driver of the Victory truck put a hook into each bale and drew it back into position. The Morgan employees experienced some difficulty in rolling or pushing the third bale up the ramp. Plaintiff, along with another Morgan employee, came to the assistance of the others by stepping onto the ramp to the rear of the bale and pushing it upward. When the bale reached the bed of the truck so that its weight was completely off the ramp, the ramp slipped away from the truck causing the plaintiff to fall to the ground. Suit was commenced against Victory, which, in turn, brought a third-party action over against Morgan. The jury returned a verdict in favor of plaintiff against Victory and a verdict in favor of Victory over against Morgan and apportioned the culpability of both Victory and Morgan at 50%. Both Victory and Morgan moved to set aside the verdicts. The motions were denied and these appeals ensued. Given the undisputed factual pattern recited above we cannot perceive any duty or obligation running from defendant Victory to plaintiff Havas, nor was any articulated in the court's charge, the breach of which would cast Victory in a position of being responsible for plaintiff's accident and resultant injuries. (Prosser, Torts [3d ed], § 51, pp 324-325.) The loading operation was carried out by Morgan employees under the supervision of plaintiff, himself a Morgan employee. The ramp belonged to Morgan and Morgan gave the order or direction to plaintiff to use the same despite the latter's judgment that he should not. Victory's driver made no decisions as to how the bales should be loaded nor did he participate in the method of loading. Thus, not only was there no duty owed by Victory to plaintiff, there was no negligent act or omission on the part of Victory's driver that proximately contributed to the accident. We are, therefore, not called upon to determine if the jury's verdict was against the weight of the evidence. Rather, in the absence of any duty on the part of the named defendant to conform to some standard of conduct for the benefit of the plaintiff, we are called upon to exercise our power to declare as a matter of law that there is no evidence supportive of the verdict (*Millens & Sons v Vladich,* 28 AD2d 1045, affd 23 NY2d 998; *Strasbourger v Leerburger,* 233 NY 55; cf. 7 Weinstein-Korn-Miller, NY Civ Prac, par 5522.03). We do so and conclude that the trial court erred as a matter of law in denying motions by Victory and Morgan to set aside the verdict in favor of the plaintiff. Having so concluded we do not consider other allegations of error made by defendant, third-party plaintiff Victory or third-party defendant Morgan. Judgments and order reversed, on the law, without costs, motion granted, and complaint dismissed. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.