■ LESLIE HAVAS et al., Appellants, v VICTORY PAPER STOCK COMPANY, INC., Defendant and Third-Party Plaintiff-Respondent. MORGAN GUARANTY TRUST COMPANY, Third-Party Defendant-Respondent. — Appeals (1) from a judgment of the Supreme Court, entered July 9, 1981 in Sullivan County, upon a verdict rendered at Trial Term (Miner, J.) of no cause for action in favor of defendant and third-party defendant and dismissing the complaint, and (2) from an order of said court, entered August 18, 1981 in Sullivan County, which set aside said verdict and which ordered that a new trial be held unless defendant and third-party defendant agreed to stipulate that judgment be entered in favor of plaintiffs in the amount of $3,000. This is an action based in negligence to recover for personal injuries, loss of income and loss of services. In *Havas v Victory Paper Stock Co.* (66 AD2d 953), this case was originally before this court after a trial resulted in a verdict of $170,000 in favor of plaintiffs against defendant and in favor of defendant against the third-party defendant for 50% contribution. The facts surrounding the happening of the accident are adequately set forth therein and need not be repeated here. This court vacated the judgments and dismissed the complaint as a matter of law (*Havas v Victory Paper Stock Co., supra*). The Court of Appeals reversed our order and remanded to this court for further consideration (49 NY2d 381). On remand, this court ordered a new trial to be held on the issue of damages only (77 AD2d 698). At the conclusion of the second trial, the jury brought in a verdict of no cause for action stating "[t]he jury finds for the defendants no damages". The court set aside the verdict and ordered a new trial unless defendant and third-party defendant stipulated that the verdict be fixed at $3,000. Plaintiffs appeal

the jury verdict and the order setting aside the jury verdict and fixing the verdict at $3,000. We are concerned only with the question of damages and plaintiffs raise several issues. Plaintiffs contend that the court erred in allowing the defense to introduce evidence that plaintiffs received income from collateral sources. It is well established that a party's receipt of a pension or disability benefits is not to be considered by a jury in evaluating a party's claim for past and future lost wages (*Healy v Rennert*, 9 NY2d 202, 206-208). The instant record, however, demonstrates that it was plaintiffs' attorney who initially referred to a collateral source of income. In his opening remarks he stated that plaintiff Leslie Havas was sent to a doctor by the workers' compensation staff of the Morgan Guaranty Trust Co. He also brought out during the direct testimony of Leslie Havas that Morgan placed him on disability status. Furthermore, in his direct case, plaintiff Leslie Havas testified that he received a Social Security disability classification. Plaintiff Leslie Havas was also questioned on direct testimony by his attorney regarding his ownership of rental property. While defendant and third-party defendant did elicit certain testimony in this regard, it was plaintiffs who initially opened the door. Furthermore, defendant and third-party defendant offered no proof of actual monetary collateral benefits. Consequently, plaintiffs cannot now successfully argue that defendant and third-party defendant improperly introduced evidence of plaintiff's income from collateral sources. We also reject plaintiffs' contention that the court improperly instructed the jury on the collateral sources rule. The court charged the jury "[i]f you find that plaintiffs are entitled to recover from defendants here, you must consider a verdict in a sum of money which will justly and fairly compensate the plaintiffs for all loss proximately resulting from the injuries they sustained." Such a charge, on this record, was proper and adequately covered the issue. Finally, there were questions of fact and credibility raised as to the injuries sustained by plaintiff. While the plaintiff's medical evidence, if believed, established that he sustained brain damage with resulting difficulty, among other things, in walking and speaking, there was conflicting testimony that there was no clinical evidence of such damage. There was also medical proof that any physical difficulties plaintiff was experiencing were of an emotional or psychiatric nature. It is most significant that defendants' central defense and contention throughout the trial was that plaintiff was not injured and sustained no damage. Implicitly the jury resolved the issues of fact and credibility in favor of defendants as it had a perfect right to do (see *Lesser v Brookside Hotel*, 61 AD2d 878). We have considered all other issues and arguments advanced by plaintiffs and find them unpersuasive. There should be an affirmance. Judgment and order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Yesawich, Jr., JJ., concur.