■ LIBERTY CAPITAL MANAGEMENT, INC., Appellant-Respondent, v J. BARTOW MCCALL, as Executor of WILLIAM L. CHAPMAN, II, Deceased, Respondent-Appellant. [604 NYS2d 58] —Judgment, Supreme Court, New York County (Martin Stecher, J.) entered March 26, 1993, which, after non-jury trial, dismissed the complaint, declared that plaintiff's September 9, 1985 issuance of 1900 shares of stock to Jonathan Leader was null and void ab initio, declared that William Chapman at the time of his death was a subscriber to one third of the issued and outstanding shares of the corporation, that the 50 shares to which he then had subscription rights would be issued to

defendant estate for $4250, declared that such subscription rights did not terminate upon Chapman's death but became vested in his estate, declared that Leader's action purporting to terminate such rights is a nullity, and which denied defendant's cross-motion to declare that the issuance of stock is deemed to have been made as of October 9, 1985, but fixed the date of purchase as March 29, 1993, unanimously modified on the law and the facts to fix the date of purchase by the estate as March 28, 1986, and otherwise affirmed, without costs.

The IAS Court properly determined that the testimony of plaintiff's witnesses, in relevant part, was not credible. The original founder's agreement, that the company would be owned equally by the three partners, is well established by supporting documentation and uncontroverted testimony. There exists neither documentary evidence nor credible testimony establishing the putative oral conditions precedent to exercise of subscription rights by decedent, to wit, that Leader's loan to the corporation had to be repaid as a condition precedent to decedent's stock purchase, and that such also was conditioned upon the purchasing partner's continued employment by the corporation. Nor has plaintiff submitted credible evidence of an agreement that such rights were personal and terminated upon death.

However, while it cannot be established with certainty at what point the estate evinced a desire to exercise decedent's subscription rights, the exercise of which was frustrated by Leader, the very filing of plaintiff's complaint, seeking a judicial declaration preventing exercise of such rights, evinces that at some prior time, the estate explicitly indicated its intention to purchase the stock. As such, the date of the complaint, March 28, 1986, is the latest date defendant had indicated its intention to purchase the stock. Since a party's repudiation of a contract excuses performance or even tender of performance by the aggrieved party (*Strasbourger v Leerburger*, 233 NY 55, 60; *Schmith v Fornander*, 26 Misc 2d 339, 343, *affd* 13 AD2d 478), lack of evidence of formal tender of payment for the stock prior to that date does not require a different result.

We have considered plaintiff's remaining contentions and find them to be meritless. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Rubin, JJ.