This opinion is uncorrected and subject to revision before
publication in the New York Reports.
--------------------------------------------------------------------

No. 92
Princes Point LLC, &c.,
            Appellant,
        v.
Muss Development L.L.C., et al.,
            Respondents,
et al.,
            Defendant.




            John S. Ciulla, for appellant.
            Scott E. Mollen, for respondents.




FAHEY, J.:

        This appeal presents the question whether the mere

commencement of an action seeking "rescission and/or reformation"

of a contract constitutes an anticipatory breach of such

agreement.  Under the circumstances of this case, we conclude

that it does not.  We reverse the Appellate Division order and

- 1 -

answer the certified question in the negative.

## Facts

By way of background, plaintiff agreed to purchase the property in question (a developable waterfront parcel on Staten Island) from defendants Allied Princes Bay Co. and Allied Princes Bay Co. #2, LP (collectively, APB).[1]  To that end, a purchase agreement was executed in 2004.  In relevant part, the agreement provided that, as a condition precedent to closing, APB was required to deliver certain government approvals necessary to develop the property.  The agreement prescribed a closing date of 30 days after plaintiff received notice that the approvals had been obtained, but in no event later than the "Outside Closing Date," which the agreement defined as 18 months after the execution and delivery of that compact.

The agreement also provided that if the approvals could not be obtained by the Outside Closing Date, then either party could terminate the agreement upon 30 days' notice.  In the event of such termination, plaintiff would receive a refund of its deposit and the parties would be released from the majority of their contractual obligations.  In lieu of termination, plaintiff retained an option to waive the approvals and proceed to closing.

---

[1]    Defendant Joshua L. Muss is a general partner in APB, whereas defendant Muss Development L.L.C. is a membership company that oversees certain administrative functions of the various entities and developmental projects in which the Muss family directly or indirectly has an interest.

Following the landfall of Hurricane Katrina in Louisiana -- and the catastrophe that ensued -- the New York State Department of Environmental Conservation (DEC) noted certain flaws in a retaining wall along the waterfront of the property, and it required APB to remedy those defects.  Thus, APB was unable to obtain the requisite development approvals by the closing date set in the purchase agreement.  In light of the additional time and cost required, APB advised plaintiff that it intended to exercise the right to terminate the agreement unless plaintiff agreed to amend it.

To that end, in March 2006, APB and plaintiff amended the purchase contract to increase the purchase price and down payment to be made with respect to the property, to require the parties to share in the costs of remediation, and to extend the "outside closing date" for the sale to July 22, 2007.  That outside closing date later was extended -- on approximately 11 occasions -- to July 22, 2008, based on the ongoing nature of the remedial work required to close the sale.  The amendments to the contract also contain what is referred to as a forbearance clause, which essentially provided that, "as a material inducement to [APB's] agreement to the New Outside Closing Date," plaintiff would "not commence any legal action against [APB] in the event that any of the Development Approvals had not been issued or the [remedial work] had not been completed by the New Outside Closing Date."

Approximately one month before the final new outside closing date, plaintiff commenced this action alleging, among other things, fraud in the inducement of the amendments to the contract. Plaintiff also sought to eliminate the increase in purchase price and the requirement that plaintiff share in the cost of repairs to the property, as embodied in the amendments. Said simply, plaintiff sought specific performance of the contract absent the amendments on the ground that the amendments were executed based on defendants' alleged misrepresentation of their ability to complete the remedial work necessary to close the sale.

In response, defendants (save for defendant AKRF Engineering, P.C., which did not join this motion practice[2]) asserted various counterclaims, two of which are relevant here. In their first counterclaim, defendants sought judgment declaring that, based on what by then was the expiration of the final new outside closing date, either the contract had terminated or plaintiff must immediately proceed to closing without any abatement in the purchase price. Then, in their third counterclaim, defendants alleged that, by failing to close the transaction in accordance with the contract, plaintiff defaulted on that agreement, thereby entitling APB to retain "the entire

_____

[2]    Inasmuch as defendant AKRF Engineering, P.C. did not participate in this motion practice, all references to defendants herein refer collectively to APB, Joshua L. Muss, and Muss Development L.L.C.

down payment," as well as the payments plaintiff made in furtherance of its obligation to share in the cost of the remediation of the property.

All of plaintiff's causes of action subsequently were dismissed. The matter eventually proceeded to defendants' motion for partial summary judgment, which considered only the first and third counterclaims. Through that application, defendants sought judgment declaring that the contract is terminated, and that plaintiff materially breached the contract. Supreme Court granted the motion, adjudging that the contract had "expired by its terms" and that plaintiff "materially breached" that compact, entitling defendants to, among other things, retain the down payment and the remedial payments made pursuant to the amendments to that agreement.

On appeal, the Appellate Division affirmed the judgment insofar as appealed from[3] and determined "that, because a rescission action unequivocally evinces the plaintiff's intent to disavow its contractual obligations, the commencement of such an action before the date of performance constitutes an anticipatory breach" (Princes Point LLC v Muss Dev. L.L.C., 138 AD3d 112, 114

---

[3]     Plaintiff did not pursue an appeal from the part of the judgment declaring the contract expired (see Princes Point LLC v Muss Dev. L.L.C., 138 AD3d 112, 118 [1st Dept 2016]). To that end, we do not address herein the part of the motion seeking summary judgment with respect to the first counterclaim, through which defendants sought, among other things, a declaration that the contract had terminated.

[1st Dept 2016]).  The Appellate Division also concluded "that the seller [(here, APB,)] was not required to show that it was ready, willing, and able to complete the sale [as a condition of receiving damages] because the buyer's anticipatory breach relieved [the seller] of further contractual obligations" (id.).

The Appellate Division subsequently granted plaintiff leave to appeal to this Court.  In doing so, the Appellate Division certified for our review the question whether "the order of the Supreme Court, as affirmed by [the Appellate Division, was] properly made?"

Analysis

"An anticipatory breach of a contract by a promisor is a repudiation of [a] contractual duty before the time fixed in the contract for . . . performance has arrived" (10-54 Corbin on Contracts § 54.1 [2017]; see 13 Williston on Contracts § 39:37 [4th ed]).  An anticipatory breach of a contract -- also known as an anticipatory repudiation -- "can be either a statement by the obligor to the obligee indicating that the obligor will commit a breach that would of itself give the obligee a claim for damages for total breach or a voluntary affirmative act which renders the obligor unable or apparently unable to perform without such a breach" (Norcon Power Partners v Niagara Mohawk Power Corp., 92 NY2d 458, 463 [1998] [internal quotation marks omitted]; see 2B NY PJI2d 4:1 at 35-36 [2017]).

For an anticipatory repudiation to be deemed to have

occurred, the expression of intent not to perform by the repudiator must be "positive and unequivocal" (Tenavision, Inc. v Neuman, 45 NY2d 145, 150 [1978]; see Ga Nun v Palmer, 202 NY 483, 489 [1911]).  We have taught that the party harmed by the repudiation must make a choice either to pursue damages for the breach or to proceed as if the contract is valid (see Strasbourger v Leerburger, 233 NY 55, 59 [1922]; see also American List Corp. v U.S. News & World Report, 75 NY2d 38, 44 [1989]).  We have also clarified that "a wrongful repudiation of the contract by one party before the time for performance entitles the nonrepudiating party to immediately claim damages for a total breach" (id.).

On this record -- and particularly in view of the repeated movement of the new outside closing date -- we cannot conclude that the commencement of this action reflects a repudiation of the contract.  At the core of this appeal is the unsettled question whether "the commencement of an action, particularly one seeking rescission, is an anticipatory breach" (Princes Point, 138 AD3d at 117, citing Auten v Auten, 308 NY 155, 159 [1954] [addressing whether an action for separation constituted a repudiation of a prior separation agreement, but declining to answer that question given that English law controlled that matter]).  The Appellate Division correctly observes that the commencement of a declaratory judgment action "does not constitute an anticipatory breach . . . because a

declaratory judgment action merely seeks to define the rights and obligations of the parties" (Princes Point, 138 AD3d at 117).

We do not, however, agree with the Appellate Division's conclusion that, in this context, "[a]n action seeking rescission of a contract is markedly different" from a declaratory judgment action (id.). To be sure, this action (one for "rescission and/or reformation" of the purchase agreement based on defendants' purported misrepresentation with respect to the condition of the property) and a declaratory judgment action necessarily would produce different results. This action is one based on the terms under which the amendments to the contract were entered, and essentially seeks to nullify those terms. A declaratory judgment action would produce a ruling as to the rights of the parties under the terms of the contract, and essentially would determine the meaning of those terms (see CPLR 3001 [considering declaratory judgment actions]). Nevertheless, in this context -- specifically, where the amended complaint seeks, among other things, reformation of the amendments to the contract and specific performance of the original agreement -- there was no "positive and unequivocal" repudiation (Tenavision, 45 NY2d at 150). There is no material difference between this action and a declaratory judgment action. At bottom, both actions seek a judicial determination as to the terms of a contract, and the mere act of asking for judicial approval to avoid a performance obligation is not the same as establishing

that one will not perform that obligation absent such approval (see Restatement [Second] of Contracts § 250, Illustration 3).[4]

Finally, with respect to plaintiff's request for "reverse" summary judgment, we note that, "[w]hile Supreme Court and the Appellate Division may search the record and grant summary judgment to a nonmoving party (see CPLR 3212[b])," this Court may not (see JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 385 [2005], citing Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 110-111 [1984]).  To that end, in reversing the Appellate Division order we only deny defendants' motion for partial summary judgment.

Accordingly, the Appellate Division order should be reversed, with costs, the motion of defendants for partial summary judgment on the third counterclaim denied, and the certified question answered in the negative.

---

[4]     In so holding we have no occasion to reach plaintiff's alternative contention that, even if its commencement of this action constituted an anticipatory breach of the contract, defendants were required to show -- and failed to show -- that they were ready, willing, and able to perform their contractual obligations and close the subject sale at the time of the purported repudiation in order to retain the down payment and compaction payments made pursuant to the contract (see generally Coleman v Daines, 19 NY3d 1087, 1090 [2012]).

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order reversed, with costs, motion by defendants Allied Princes
Bay Co., Allied Princes Bay Co. #2, L.P., Muss Development L.L.C.
and Joshua L. Muss for partial summary judgment on the third
counterclaim denied, and certified question answered in the
negative.  Opinion by Judge Fahey.  Chief Judge DiFiore and
Judges Rivera, Stein, Garcia and Wilson concur.  Judge Feinman
took no part.


Decided October 19, 2017