Shyer v Shyer (2019 NY Slip Op 02272)





Shyer v Shyer


2019 NY Slip Op 02272


Decided on March 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2019

Sweeny, J.P., Richter, Tom, Kapnick, Oing, JJ.


8782 651109/18

[*1]Catherine Shyer, as Preliminary Executrix of the Estate of Robert Shyer, Plaintiff-Respondent,
v
Christopher Shyer, et al., Defendants-Appellants.


Kennedy Berg LLP, New York (James W. Kennedy of counsel), for appellants.
Farrell Fritz, P.C., New York (Joshua Herman of counsel), and Nicholas R. Weiskopf, New York, for respondent.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered July 23, 2018, which, insofar as appealed from as limited by the briefs, denied defendants' motion to dismiss the breach of contract cause of action as against the corporate defendant (the company) and the breach of fiduciary duty cause of action as against the individual defendants, unanimously modified, on the law, to grant the motion as to the breach of fiduciary duty cause of action, and otherwise affirmed, without costs.
The motion court correctly concluded that the complaint alleges an anticipatory breach of contract by the company in failing to properly compute the value of the decedent's (Robert) shares for the sale transaction after his death. Under the parties' agreement, plaintiff had to tender the shares, and the company had to provide the insurance proceeds and promissory note in the proper amounts, based on the formula in the agreement. The complaint alleges that plaintiff was prepared to tender the shares, but the company improperly discounted the value of Robert's stock. These allegations, accepted as true on this motion to dismiss, coupled with the company's undisputed statement that its obligation to plaintiff was limited to paying the amount reflected in the calculation performed by its accountant, establish the company's potential repudiation of the agreement (see Princes Point LLC v Muss Dev. L.L.C., 30 NY3d 127, 133 [2017]; Liberty Capital Mgt. v McCall, 198 AD2d 166, 167 [1st Dept 1993]).
The cause of action for breach of fiduciary duty asserted directly against the individual defendants must be dismissed because it alleges mismanagement and diversion of corporate assets, which are wrongs to the corporation (see Yudell v Gilbert, 99 AD3d 108, 114 [1st Dept 2012]; see also Serino v Lipper, 123 AD3d 34, 40 [1st Dept 2014]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2019
CLERK