Lee v Whayoun Jun (2023 NY Slip Op 02080)

Lee v Whayoun Jun

2023 NY Slip Op 02080

Decided on April 25, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 25, 2023

Before: Kapnick, J.P., Kern, Friedman, Gesmer, Pitt-Burke, JJ. 

Index No. 650317/20 Appeal No. 98-99-100-101 Case No. 2022-04730, 2022-04732, 2022-04733, 2022-05441 

[*1]Haikyung Lee, Individually and as Executrix of the Estate of Siu Anthony Lee, et al., Plaintiffs-Respondents,
v
Whayoun Jun, Defendant-Appellant.

Bronstein, Gewirtz & Grossman, LLC, New York (Edward N. Gewirtz of counsel), for appellant.
Lee Anav Chung White Kim Ruger & Richter LLP, New York (Allen Wong of counsel), for respondents.

Judgment, Supreme Court, New York County (Jennifer G. Schecter, J.), entered March 24, 2022, in favor of plaintiffs, and bringing up for review orders, same court and Justice, entered March 14, 2022 and March 21, 2022, which granted plaintiffs' motion for summary judgment and denied defendant's motion for summary judgment, awarded plaintiffs specific performance, and directed judgment be entered accordingly, unanimously affirmed, without costs. Appeals from aforementioned orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Appeal from order, same court and Justice, entered on or about June 30, 2022, which denied defendant's motion for leave to renew and reargue the summary judgment motions, unanimously dismissed, without costs, as abandoned.
This action arises out of an agreement by defendant to purchase plaintiffs' interests in a real estate holding company. Plaintiffs were entitled to summary judgment on defendant's counterclaim and defense of anticipatory repudiation (see generally Princes Point LLC v Muss Dev. L.L.C., 30 NY3d 127, 133 [2017]; Norcon Power Partners v Niagara Mohawk Power Corp., 92 NY2d 458, 462-463 [1998]). The record evidence establishes, as a matter of law, that prior to the contract closing deadline, plaintiffs did not positively and unequivocally express an intent not to perform their obligations. Regardless, defendant waived any claimed repudiation by subsequently proceeding as if the contract was valid (see Princes Point LLC, 30 NY3d at 133; Strasbourger v Leerburger, 233 NY 55, 59 [1922]).
Plaintiffs were also entitled to summary judgment on their breach of contract claim (see generally Donerail Corp. N.V. v 405 Park LLC, 100 AD3d 131, 137-138 [1st Dept 2012]). The record evidence establishes that the closing date was September 8, 2019, time being of the essence for defendant's performance, and defendant failed to tender the remainder of the purchase price on that date. Defendant disputes that plaintiffs were ready, willing, and able to perform on that date. However, her arguments on that issue merely repeat her unavailing repudiation claim. Moreover, the record evidence shows that plaintiffs had, or would have, personally executed the assignments by the closing date. Defendant articulates no persuasive basis to disturb the court's
award of specific performance, which was expressly provided for in the parties' contract and which was not awarded sua sponte.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 25, 2023